1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE WESTERN DISTRICT OF WASHINGTON

10

11 | VICKI SHEKERYK, individually and on behalf of all others similarly situated,

12

*Plaintiff*,

13

*v.*

14

DABELLA EXTERIORS LLC., an Oregon company,

15

16

*Defendant.*

| Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

17
18

## **CLASS ACTION COMPLAINT**

19   Plaintiff Vicki Shekeryk ("Plaintiff Shekeryk" or "Shekeryk") brings this Class Action

20   Complaint and Demand for Jury Trial against Defendant DaBella Exteriors LLC, ("Defendant

21   DaBella" or "DaBella") to stop the Defendant from violating the Telephone Consumer

22   Protection Act by making telemarketing calls *without consent* to consumers who registered their

23   phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and

24   monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint,

**CLASS ACTION COMPLAINT,** Page **1** of **12**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## PARTIES

1.      Plaintiff Vicki Shekeryk is a resident of Seattle, Washington.

2.      Defendant DaBella is an Oregon registered company headquartered in Hillsboro, Oregon. Defendant DaBella conducts business throughout this District, Washington and throughout the U.S.

## JURISDICTION AND VENUE

3.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.      This Court has personal jurisdiction over the Defendant because the Defendant conduct business in this District and because wrongful conduct giving rise to this case was directed to and received in this District

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## INTRODUCTION

6.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

7.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

8.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

9.    When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

10.    By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

11.    The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

12.    Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

13.    According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in June 2021 alone, at a rate of 148 million calls per day. www.robocallindex.com (last visited July 7, 2021).

14.    "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15.    "The FTC receives more complains about unwanted calls than all other

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

**CLASS ACTION COMPLAINT,** Page **3** of **12**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

1  complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer

2  Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of*

3  *1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

4      16.    The FTC received "5.4 million complaints about unwanted telemarketing calls" in

5  the FY 2019 and 4 million consumer complaints in 2020. About 24 percent of these complaints

6  were about telemarketing calls.

7                          **COMMON ALLEGATIONS**

8      17.    Defendant DaBella provides home improvement services to consumers in various

9  states.[3]

10     18.    Defendant DaBella is making unsolicited calls to consumers who are registered

11  on the DNC without obtaining their consent.

12     19.    For example, in Plaintiff Shekeryk's case, Defendant DaBella placed multiple

13  calls to her cell phone number which is registered on the DNC.

14     20.    Defendant DaBella conducts aggressive marketing campaigns that appear to be in

15  flagrant violation of the TCPA. As Defendant's own employees explain, Defendant would make

16  them place over 400 calls each day, and expect them to harass consumers, including the senior

17  citizens.

18

19

20

21

22

---

23  [2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

24  [3] https://www.linkedin.com/company/dabella/about/

**CLASS ACTION COMPLAINT,** Page **4** of **12**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

### Eh

Lead Setter (Current Employee) - Boise, ID - January 4, 2021

It is a good hourly wage and health benefits is a plus, but it is the most boring, non fufilling job I've ever had. All you do is dial phone numbers all day and have to meet 400 calls a day and set 2 leads which is almost impossible. They hired in December and then said in a week we would be taking 2 weeks off with no pay. That could have screwed me thank god for my side gigs.

[4]

### Caution: Incompetently Managed

Telemarketer (Former Employee) - Hillsboro, OR - March 2, 2020

Don't even apply, the whole company is based around misleading and manipulating its customer's and employees. Be prepared to call thousands of voicemails and harass hundreds of unhappy people over the phone each day. Not only do I believe they are doing shady stuff behind the scenes, but their previous customers are almost always angry and upset. Trust me, you'll be harassing them too, and they will NOT speak nicely to you. Good luck if you get sick, they don't take doctors notes and would rather have you come in with the Coronavirus than miss a day. Dabella talks a big game about how they care about family and employees but their sole purpose is to charge as much money from their customers, and expand as fast as possible. I can almost guarantee you could buy the same exact products for $30,000 less from your local contractors. The goals are ridiculously high, even in the winter when they have 0 leads, and they will threaten your job each week you're there. If they didn't terminate me along with 70 other people I would've just quit. If you value yourself, your time, and your mental health stay clear.

[5]

21.     Many consumers have posted their complaints online about unsolicited telemarketing calls that they have received from Defendant DaBella. Some of the complaints against the unsolicited telemarketing calls by the Defendant DaBella are as follows:

- *"Never talked to these people. Never requested anything from them. They keep calling and don't even leave a message."*[6]

- *"I have been getting repeated calls from 253-466-2570 despite my request several times to remove me from their call list. I talk to the representative and ask that I be removed only to get yet*

---

[4] https://www.indeed.com/cmp/Dabella/reviews?start=20
[5] https://www.indeed.com/cmp/Dabella/reviews?fjobtitle=Telemarketer
[6] https://www.reportedcalls.com/2534662570

**CLASS ACTION COMPLAINT,** Page **5** of **12**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

*another call from them."[7]*

- *"Unsolicited call"[8]*

- *"They have called me 50 times since the beginning of the month but, never leaves a message. You'd think they'd get the hint and take the number of the their list."[9]*

- *"Bella Roofing. They just won't stop calling."[10]*

- *"Used to call from a different number, asked them to stop, then blocked. 2nd call in 2 days from thi[s] number. Don't leave a message"[11]*

- *"unsolicited caller"[12]*

22.   In response to these calls, the Plaintiff brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF SHEKERYK'S ALLEGATIONS

23.   Plaintiff Shekeryk registered her cell phone number on the DNC on January 10, 2017.

24.   Plaintiff's cell phone number is not associated with a business and is for her personal use only.

25.   In addition, Plaintiff's cell phone number is unlisted.

26.   Plaintiff started receiving unsolicited calls from the Defendant in April 2021.

27.   The Plaintiff did not contact Defendant DaBella or place any inquiries regarding "roofing" or home improvement services.

---

[7] *Id.*
[8] https://www.shouldianswer.com/phone-number/2534662570
[9] https://findwhocallsyou.com/2534662570?CallerInfo
[10] *Id.*
[11] https://www.shouldianswer.com/phone-number/5036417676
[12] *Id.*

**CLASS ACTION COMPLAINT,** Page **6** of **12**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

28.    The Plaintiff did not share her contact information with Defendant DaBella, and at no point did she give them her consent to contact her on the cell phone.

29.    Among the calls that Plaintiff received from Defendant DaBella to her cell phone number were 1 unsolicited call on April 5, 2021 and 4 unsolicited calls on April 6, 2021, all from phone number 253-466-2570.

30.    One of the calls in April 6 resulted in a voicemail on Plaintiff's cell phone.

31.    The voicemail states:

"Good morning, this message is for Peter. My name's Rebecca Meadows from DaBella. Just giving you a call because received a request from our partner in regards to the free estimate for the roof of your home in Seattle, Washington. We would love to be able to help you with that. You can return my call back at 844-322-3552. Once again, just ask for Rebecca Meadows with DaBella, where quality begins at home."

32.    When 254-466-2570 is called, an automated greeting states the company name DaBella.

33.    Phone number 844-322-3552, which Plaintiff was asked to call in the voicemail she received, belongs to Defendant DaBella and is shown on the DaBella.US website:



[13]

34.    On April 9, 2021, Plaintiff received another unsolicited call from Defendant DaBella to her cell phone from phone number 253-466-2570.

35.    Plaintiff answered this call and spoke to an employee.

36.    The employee identified herself as working for Defendant DaBella.

---

[13] https://www.dabella.us/contact/

**CLASS ACTION COMPLAINT,** Page **7** of 12

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

37.    Plaintiff told the employee that she had never inquired about roofing or any home improvement projects and asked the employee to stop calling.

38.    The unauthorized telephone calls that Plaintiff received from DaBella have harmed Plaintiff Shekeryk in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

39.    Seeking redress for these injuries, Plaintiff Shekeryk, on behalf of herself and a Class of similarly situated individuals, bring suit under the TCPA.

## CLASS ALLEGATIONS

40.    Plaintiff Shekeryk brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant or an agent on the behalf of the Defendant called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for the same purpose Defendant called the Plaintiff.

41.    The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

1  released. Plaintiff Shekeryk anticipates the need to amend the Class definitions following

2  appropriate discovery.

3       42.    **Numerosity and Typicality**: On information and belief, there are hundreds, if not

4  thousands of members of the Class such that joinder of all members is impracticable and Plaintiff

5  is a member of the Class.

6       43.    **Commonality and Predominance**: There are many questions of law and fact

7  common to the claims of the Plaintiff and the Class, and those questions predominate over any

8  questions that may affect individual members of the Class. Common questions for the Class

9  include, but are not necessarily limited to the following:

10      (a)    Whether Defendant's conduct violated the TCPA;

11      (b)    Whether the Defendant placed multiple calls within a 12-month period to Plaintiff

12             and other consumers whose telephone numbers were registered with the DNC for

13             at least 30 days at the time of each call;

14      (c)    Whether the Defendant made the calls without consent;

15      (d)    whether members of the Class are entitled to injunctive relief.

16      44.    **Adequate Representation**: Plaintiff Shekeryk will fairly and adequately

17  represent and protect the interests of the Class, and has retained counsel competent and

18  experienced in class actions. Plaintiff Shekeryk has no interests antagonistic to those of the

19  Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Shekeryk and her counsel are

20  committed to vigorously prosecuting this action on behalf of the members of the Class, and have

21  the financial resources to do so. Neither Plaintiff Shekeryk nor her counsel have any interest

22  adverse to the Class.

23      45.    **Appropriateness**: This class action is also appropriate for certification because

24  the Defendant has acted or refused to act on grounds generally applicable to the Class and as a

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

1    whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards

2    of conduct toward the members of the Class and making final class-wide injunctive relief

3    appropriate. Defendant's business practices apply to and affect the members of the Class

4    uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with

5    respect to the Class as a whole, not on facts or law applicable only to Plaintiff Shekeryk.

6    Additionally, the damages suffered by individual members of the Class will likely be small

7    relative to the burden and expense of individual prosecution of the complex litigation

8    necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of

9    the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class

10    action provides the benefits of single adjudication, economies of scale, and comprehensive

11    supervision by a single court.

12    ### FIRST CLAIM FOR RELIEF

13    **Telephone Consumer Protection Act**

14    **(Violation of 47 U.S.C. § 227)**

15    **(On Behalf of Plaintiff Shekeryk and the Do Not Call Registry Class)**

16    46.    Plaintiff repeats and realleges the prior paragraphs of this Complaint and

17    incorporates them by reference herein.

18    47.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

19    person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

20    who has registered her or her telephone number on the national do-not-call registry of persons

21    who do not wish to receive telephone solicitations that is maintained by the federal government."

22    48.    Any "person who has received more than one telephone call within any 12-month

23    period by or on behalf of the same entity in violation of the regulations prescribed under this

24    subsection may" may bring a private action based on a violation of said regulations, which were

CLASS ACTION COMPLAINT, Page **10** of **12**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

1    promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone

2    solicitations to which they object.  47 U.S.C. § 227(c).

3         49.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated,

4    telephone solicitations to telephone subscribers such as Plaintiff Shekeryk and the Do Not Call

5    Registry Class members who registered their respective telephone numbers on the National Do

6    Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is

7    maintained by the federal government.

8         50.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Shekeryk and the Do

9    Not Call Registry Class received more than one telephone call in a 12-month period made by or

10   on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

11        51.    As a result of Defendant's conduct as alleged herein, Plaintiff Shekeryk and the

12   Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are

13   entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

14        52.    To the extent Defendant's misconduct is determined to be willful and knowing,

15   the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages

16   recoverable by the members of the Do Not Call Registry Class.

17   **PRAYER FOR RELIEF**

18   **WHEREFORE**, Plaintiff Shekeryk individually and on behalf of the Class, prays for the

19   following relief:

20       a)    An order certifying this case as a class action on behalf of the Class as defined above;

21            appointing Plaintiff Shekeryk as the representative of the Class; and appointing her

22            attorneys as Class Counsel;

23       b)    An award of actual and/or statutory damages and costs;

24       c)    An award of attorney's fees;

CLASS ACTION COMPLAINT, Page **11** of **12**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

d)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

e)  An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

f)  Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Shekeryk requests a jury trial.

DATED this 12th day of July, 2021.

**VICKI SHEKERYK**, individually and on behalf of all others similarly situated,

By: s/ *Eric R. Draluck*
WSBA # 19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
Telephone 206-605-1424
Email: eric@dralucklaw.com

Avi Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*\*Pro Hac Vice motion forthcoming*

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424